

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,520-01

### EX PARTE ROBERT SNEED, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1429267-A IN THE 262ND DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., filed a dissenting opinion, in which RICHARDSON, J., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to attempting to obtain a controlled substance through the use of a fraudulent prescription form that purported to be a prescription from a "doctor" named David Kelly. Applicant was sentenced to four years' imprisonment. He did not appeal his conviction.

In a single ground, Applicant contends that his plea was involuntary because after he was convicted, the State informed him that "certain witnesses" in his case "may have serious credibility issues." In a short order, the trial court made findings of fact and conclusions of law and, together

with the State, recommended that this Court grant relief.

On September 16, 2015, we remanded this application for further findings and conclusions. On remand, the trial court found, among other things, that Kelly, the "doctor" named in the indictment, had violated the Texas Physician Assistants Act in 2010 and 2011, the State could not have sponsored Kelly as a witness had Applicant's case gone to trial, and the State would not have prosecuted Applicant had it previously been aware of Kelly's misconduct. The trial court again recommended that this Court grant relief.

On December 9, 2015, we remanded this application for further findings and conclusions, and after again finding, among other things, that the State would not have prosecuted Applicant had it previously been aware of Kelly's misconduct, the trial court recommended that we grant relief.

We disagree. The question before this Court, as pled by Applicant, is whether his plea was rendered involuntary because he was unaware of Kelly's misconduct when he pleaded guilty. Applicant contends that had he been aware of the misconduct, he would have gone to trial. We understand Applicant to be arguing that had he gone to trial, he would have impeached Kelly with his misconduct.

In *United States v. Ruiz*, the United States Supreme Court held that federal prosecutors were not required under the Fifth and Sixth Amendments to disclose material impeachment evidence before reaching a plea agreement with a defendant. *United States v. Ruiz*, 536 U.S. 622, 625 (2002). As the Supreme Court explained, "[T]he Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *Id.* at 630. In

Applicant's case, Kelly's misconduct was impeachment, not exculpatory, evidence, and under *Ruiz*, Applicant's plea was not rendered involuntary simply because he was not aware of this impeachment evidence. Relief is denied.

Filed: June 27, 2018
Do not publish